PER CURIAM.
The appellant challenges the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. The appellant claims that the trial court erred when it imposed a habitual offender sentence on him because he did not receive a sentence for one of the prior convictions that were used as predicate felonies until after he had committed the instant - offense. This claim is facially sufficient. To be properly habitualized, a defendant must have received a sentence for any prior felony upon which the state wishes to predicate habitu-alization before the defendant committed the instant offense for which habitualization is sought. See § 775.084(5), Fla. Stat. (1999). The trial court failed to attach any record portions that conclusively refute the appellant’s claim. Therefore, we reverse and remand with instructions to the trial court to either support its summary denial with record attachments, or grant an evi-dentiary hearing.
REVERSED and REMANDED.
DAVIS, BROWNING and POLSTON, JJ., concur.